# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| TREVOR BRIEDE,<br>on Behalf of Himself and all Others<br>Similarly Situated,<br><br>       Plaintiff,<br>   v.<br><br>THE VALSPAR CORPORATION,<br>dba/aka GUARDSMAN,<br><br>       Defendant. | Case No.  12-CV-13406<br>Hon. Mark A. Goldsmith |
| THE MILLER LAW FIRM<br>Kevin F. O'Shea (P40586)<br>Melissa Wojnar-Raycraft (P66476)<br>Ann L. Miller (P43578)<br>The Miller Law Firm<br>950 W. University Drive, Suite 300<br>Rochester, MI 48307<br>Phone: (248) 841-2200<br>kfo@millerlawpc.com<br>mwr@millerlawpc.com<br><br>David H. Fink<br>Fink and Associates<br>100 West Long Lake Road<br>Suite 111<br>Bloomfield Hills, MI 48304<br>Phone: (248) 971-2500<br>dfink@finkandassociateslaw.com<br>*Counsel for Plaintiff* | SCHIFF HARDIN LLP<br>Robert J. Wierenga (P59785)<br>Jessica Sprovtsoff (P70218)<br>350 S. Main Street, Suite 210<br>Ann Arbor, MI  48104<br>734-222-1507 (Phone)<br>734-222-1501 (Fax)<br>rwierenga@schiffhardin.com<br>jsprovtsoff@schiffhardin.com<br><br>Paula J. Morency<br>Jeannice Williams<br>233 S. Wacker Drive<br>Chicago, IL 60606<br>312-258-5549 (Phone)<br>pmorency@schiffhardin.com<br>jwilliams@schiffhardin.com<br>*Counsel for Defendant* |

## **AGREED ORDER OF JUDGMENT**

This matter came before the Court for approval of a settlement reached in the above-captioned matter (the "Lawsuit"), agreed and proposed by named

Plaintiffs Trevor Briede, Koreen Hoffelmeyer, Tina Williams and Richard O'Dell (collectively, "Plaintiffs"), and defendant The Valspar Corporation ("Defendant" or "Guardsman").

WHEREAS pending before this Court is Plaintiffs' Third Amended Complaint, dated January 17, 2014; and

WHEREAS the parties submitted extensive briefing and argument to the Court on Plaintiffs' Motion for Class Certification, and at the Court's suggestion thereafter engaged in settlement discussions regarding the potential resolution of this matter on an individual basis; and

WHEREAS both parties continue to believe that their respective positions have merit, but have reached and presented to the Court this Agreed Order of Judgment (this "Order") in compromise and settlement of the pending action; and

WHEREAS the parties have reached the resolution reflected in this Order in order to avoid the expense, risks and uncertainty of continued litigation, and to reduce the burdens on the parties and the courts that would result from continuation of the judicial process; and

WHEREAS the settlement of this action and the terms of this Order do not represent a concession, admission or acknowledgement by Plaintiffs or Defendant that a class could or could not properly be certified, or as a concession, admission or acknowledgement by Plaintiffs or Defendant of the truth of any of the

allegations made in the action by either side, or of any liability, fault or wrongdoing of any kind on the part of Defendant; and

WHEREAS Plaintiffs take no position on the representations made by Guardsman in this Agreed Order of Judgment regarding its current practices;

WHEREAS counsel for Plaintiffs has represented to Defendant and to this Court that they are unaware of any individuals other than the named Plaintiffs who intend, are considering or planning to bring, or have asked counsel for Plaintiffs to evaluate their rights with respect to, any cause of action against Valspar, or retailers who sell Guardsman Plans, of the type and nature brought by the Plaintiffs in this action; and

WHEREAS, being fully advised in the premises, the Court finds that the settlement reflected by the terms of this Order represents a fair, adequate and efficient resolution of this matter, and is appropriate in light of the factual and legal information submitted to, and reviewed and considered by, the Court;

IT IS HEREBY ORDERED THAT:

1) Valspar's Guardsman Division ("Guardsman") will include language in its Plans, on a going forward basis, subject to any necessary regulatory notice, requests, comments or approval, to reflect the substance of the commitments set forth in subsections (1)(A) - (C) below (the "Consumer Commitments"), which Guardsman has represented to the Court that Guardsman follows in practice. In

addition, Guardsman will continue to fulfill these Consumer Commitments for holders of current Guardsman Plans. The Court concludes that the terms of this order, including the confirmation of the business practices specified in the Consumer Commitments and the Retailer Practices described below, represent a fair, reasonable and acceptable resolution of the claims and issues presented by the pleadings and submissions to this Court.

> (A) For Plans that include cleaning kits or advice as part of the available Service Procedures, if the consumer decides, and informs Guardsman, that the kit or advice does not fully address the consumer's covered stain or damage, Guardsman will offer one of its other Service Procedures; and
>
> (B) If Guardsman sends an authorized technician to the consumer's home to perform repairs, and if the technician cannot remedy the covered stain or damage in a professional and workmanlike manner, Guardsman will arrange to provide one of its other Service Procedures if and as offered under that particular Plan.
>
> (C) Guardsman will continue to refer in its Plans and on its Website to the consumers' right to revoke the Plans, and the time period in which to do so, in accordance with applicable laws and regulations.
>
> (D) The Court and the Parties agree and understand that the actual wording of these Consumer Commitments provided in the Guardsman Plans may

vary from time to time and still be deemed consistent with this Order, provided that Guardsman offers the substance of the Consumer Commitments to consumers through the Time Period described below.

2) Guardsman will also advise each of its retailers of, and include language in its retailer agreements executed after the date of this Order to reflect, the substance of the following practices (the "Retailer Practices"), which Guardsman has represented to the Court that it follows in practice and currently describes in its retailer agreements.

(A) Guardsman will require, in each agreement it signs with any retailer who sells Guardsman Plans, that the retailer make the terms of such plans available for review by consumers before consumers make the decision to purchase any of the Plans.

(B) Either Guardsman or the retailer who sells a Guardsman Plan will also make a printed copy of a representative sample of such a plan available for the consumers to review before purchasing, and take away with them after purchasing any of the Plans, or an electronic copy of the terms of the purchased Plan by email or electronic link.

(C) Guardsman will continue to provide its retailer customers with point-of-sale materials, in electronic or paper form, in order to encourage consumers to review the Guardsman Plans before purchase. Guardsman will continue

to visit its retailer customers, and provide training to retailer personnel, at least once a year, to remind the retailer personnel to encourage consumers to review the Guardsman Plans before purchase, and to use appropriate point of sale materials.

(D) The Court and the Parties agree and understand that the actual wording of its point of sale materials and retailer contracts may vary from time to time and still be deemed consistent with this Order, provided that Guardsman follows the substance of the Retailer Practices through the Time Period described below.

3) Guardsman will make a $5000 Settlement Payment to each of the Plaintiffs within 30 days of the entry of this Agreed Order of Judgment; and

4) In exchange for the consideration provided to them, each of the Plaintiffs releases Valspar, together with its present and former officers, directors, employees, shareholders, franchisees, attorneys and agents, affiliates, subsidiaries, direct or indirect parents, successors and assigns, and any of its present or former retailer customers (collectively, the "Releasees"), of and from any and all claims that were or could have been raised in this action, including but not limited to any causes of action, claims, rights or demands arising out or related in any way to the Plaintiffs' Guardsman Plans, whether based on federal, state, or local law, statute, ordinance, regulation, tort, contract, common law, or any other sources. Without

in any way limiting the scope of the Release, this Release covers any and all claims for attorneys' fees, costs or disbursements incurred by Plaintiffs' counsel in connection with or related in any manner to the Lawsuit, its settlement, subject matter, or administration, except as set forth in Par. 5 below.  Nothing in this Release language or Order shall preclude any action or motion to enforce the terms of this Order.

5) The Parties have agreed to a process of binding, confidential arbitration by a panel of three arbitrators (the "Panel"), to determine the amount of reasonable fees and expenses to be paid to Plaintiffs' counsel by Valspar.  The Panel will be chaired and administered by Gene Esshaki, who previously served as the mediator for this action.  If the parties show the Panel any materials covered by the August 28, 2013 Stipulated Protective Order, the arbitrators shall sign Exhibit A to that Order.   The confidential decision of the Panel shall be in writing, based on fact and law.  As long as the decision complies with the requirements of this Agreed Order of Judgment and with the terms of the written Arbitration Agreement between the parties, it shall be final and unappealable.

6) This Order shall remain in full force and effect for up to four years from the date of its entry (the "Time Period").  In the event of any dispute during the Time Period regarding the compliance of any party with this order, all parties shall meet and confer in good faith before bringing such a dispute to the attention of the

Court.  The Court will retain jurisdiction to enforce the directives set forth in this

Order, pursuant to Rule 65 of the Federal Rules of Civil Procedure.

Dated:  October 24, 2014                     s/Mark A. Goldsmith
                                             United States District Judge


Approved as to form:

/s/   Kevin F. O'Shea                        /s/   Paula J. Morency
*Counsel for Plaintiffs*                     *Counsel for Defendant*

THE MILLER LAW FIRM                          SCHIFF HARDIN LLP
Kevin F. O'Shea (P40586)                     Robert J. Wierenga (P59785)
Melissa Wojnar-Raycraft (P66476)             Jessica Sprovtsoff (P70218)
Ann L. Miller (P43578)                       350 S. Main Street, Suite 210
The Miller Law Firm                          Ann Arbor, MI  48104
950 W. University Drive, Suite 300           734-222-1507 (Phone)
Rochester, MI 48307                          734-222-1501 (Fax)
Phone: (248) 841-2200                        rwierenga@schiffhardin.com
kfo@millerlawpc.com                          jsprovtsoff@schiffhardin.com
mwr@millerlawpc.com

                                             Paula J. Morency
/s/   David H. Fink                          Jeannice Williams
*Counsel for Plaintiffs*                     233 S. Wacker Drive
David H. Fink                                Chicago, IL 60606
Fink and Associates                          312-258-5549 (Phone)
100 West Long Lake Road                      pmorency@schiffhardin.com
Suite 111                                    jwilliams@schiffhardin.com
Bloomfield Hills, MI 48304
Phone: (248) 971-2500
dfink@finkandassociateslaw.com